UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CR-150-JVB-APR |
| ) | 2:20-CV-133-JVB |
| MARLONN HICKS, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 [DE 79] filed by Defendant Marlonn Hicks on April 2, 2020. The Government filed a response on December 6, 2021.

### PROCEDURAL BACKGROUND

Hicks was charged in a single-count indictment with distribution of information pertaining to the manufacture or use of a destructive device with intent that information be used for an activity that constitutes a federal crime of violence in violation of 18 U.S.C. § 842(p)(2)(A). On October 28, 2016, Hicks pled guilty to the charge against him pursuant to a plea agreement. In exchange for benefits offered by the Government in the plea agreement, including the Government's promise to not seek additional criminal charges against Hicks for material support of terrorism, Hicks agreed to plead guilty to the § 842(p)(2)(A) charge and agreed to the following statement:

> I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including . . . any post-conviction proceeding, including . . . a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement § 7.h, ECF No. 5).

On August 20, 2018, the Court sentenced Hicks to 180 months of imprisonment followed by three years of supervised release.

Hicks was represented by appointed counsel Roxanne Mendez Johnson from July 13, 2016, through July 19, 2017. Retained counsel Scott King represented Hicks from July 17, 2017, through the close of the case.

After judgment was entered, Hicks made several attempts, beginning on February 4, 2019, to receive case documents from his former counsel Scott King. On September 3, 2019, Hicks filed a "Motion to Stay Place Holder" with the instant § 2255 motion attached, indicating that he needed discovery in order to factually support his grounds and stating that he would supplement his § 2255 motion once he received the documents he had requested.

The Court ordered King to respond to the request for documents and, later, ordered King to send the allowable portion of the case file to Hicks. King's July 10, 2020 status report to the Court showed that the case file was refused. The Court referred the matter to Magistrate Judge Andrew Rodovich to attempt to resolve the issues that led to the repeated rejection of the file by Hick's place of incarceration and to negotiate a process by which the materials in Hick's case file could be made available to him in readable form. Judge Rodovich scheduled a hearing on the matter, but before it took place, Hick's place of incarceration provided notice that Hicks received his discovery documents on August 11, 2020. Judge Rodovich vacated the hearing.

On September 28, 2020, Hicks told the Court that he did not receive all of the information that he needs, including several documents on the docket that he deemed "essential" to him. This motion was denied, and a discovery request followed on October 13, 2020. Ultimately, on December 21, 2021, the Court found that Hicks had not made a particularized showing for any outstanding document that he had requested. The Court provided Hicks with a copy of the plea agreement from the public docket and reset the deadline for Hicks to supplement his § 2255

motion. The deadline to file the supplement eventually expired on May 28, 2021, with no supplement being filed.

## HICKS'S § 2255 MOTION

The following, in full, are all of Hicks's allegations and arguments presented in support of his request for relief under § 2255.

> Ground One: Due Process Violation. Written materials sent from the internet cannot satisfy the federal crime of violence element necessary to sustain a conviction under 18 U.S.C. 842(p)(2)(A) after the supreme court held that the definition of a federal crime of violence under the residual clause in 18 U.S.C. § 16(b) unconstitutionally vague.
>
> Ground Two: Due Process Violation. U.S.S.G. § 3A1.4(B) violates the defendant's due process rights by artificially increasing the defendant's criminal history based solely on the nature of the offense when the defendant has no criminal felony convictions in the defendant's background.
>
> Ground Three: Ineffective Assistance of Counsel. The defendant's attorney's failure to investigate and present potentially mitigating evidence violates defendant's rights to effective counsel when such evidence would have proved that the U.S. Attorney tampered with and falsified evidence.
>
> Ground Four: Ineffective Assistance of Counsel. The defendant's attorney's failure to file a direct appeal violates the defendant's right to effective counsel when filing an appeal would have brought to light many grounds and constitutional violations. (I need my discovery paperwork and I swear I can produce several facts to back each and every ground I have).
>
> All grounds in this motion have not been presented til now because my public defender and attorney would never give me any discovery material that I requested such as discovery, police reports, stipulation of facts, court transcripts, etc. My attorney stopped answering my calls and letters. He never replyed [*sic*] my memory is not that good after 3 years.
>
> I ask that my sentence be vacated, set aside, and/or corrected.
>
> Additional Grounds (I know the grounds but to be completely factual I need my discovery documents)
>
> Ineffective Assistance of Counsel Grounds
>
> 1. Failure to argue elements of crime.
> 2. Failure to request AKE expert.
> 3. Failure to investigate mental and emotional disturbance.

3

    4. Failure to argue erroneous sentence enhancement.
    5. Conflict of interest.
    6. Coerced to keep plea.
    7. Coerced to accept plea (by public defender).
    8. Failure to argue excessive sentencing (I have no background).
    9. Failure to explain the element of offense to the defendant.

Due Process Violation Grounds

1. [Coerced] and threatened to accept plea (I was told that if I did not accept the plea I would be charged with several other charges and receive a life sentence.)
2. Excessive sentencing.
3. Wrong enhancement statute (U.S.S.G. § 2M6.1(a)(1) is an enhancement for a nuclear weapon, I never had any weapon).
4. Enhanced without notice.
5. Sentencing disparity.
6. Commerce element of offense not satisfied.
7. Intent element of offense not satisfied.
8. Lack of subject matter jurisdiction.
9. 1st Amendment right to speech.

(Your Honor, I have valid grounds but I need my discovery for the facts, I have filed a motion for discovery again then I will supplement this motion with a memorandum.)

(Mot. 4-12, ECF No. 79).

**ANALYSIS**

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts mandates that a motion for § 2255 relief must both specify all the grounds for relief

4

available to the moving party and state the facts supporting each ground. The Court must hold an evidentiary hearing if a § 2255 petitioner alleges facts, that, if proven, show that the petitioner is entitled to relief, but the allegations must be detailed and specific instead of vague, conclusory, or palpably incredible. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

As listed above, Hicks argues that he should be granted relief under § 2255 because of due process violations and ineffective assistance of counsel.

### A. Waiver of Right to Collateral Review

In his plea agreement, Hicks waived his right to seek collateral review on any grounds other than ineffective assistance of counsel. In general, appellate waivers in plea agreements are enforceable. *See, e.g.*, *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (finding a defendant may, in a plea agreement, waive his right to both direct appeal and collateral attack). There are limited exceptions to the general enforceability of appellate waivers, including

> (1) a sentence based on constitutionally impermissible criteria, such as race; (2) a sentence that exceeds the statutory maximum for the defendant's particular crime; (3) deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans); and (4) ineffective assistance of counsel in negotiating the plea agreement.

*United States v. Adkins*, 743 F.3d 176, 192-93 (7th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005)). Hicks does not argue that some defect in his waiver exists such that it should not be enforced. The Court, on its own review, sees no barrier to enforceability and finds that Hicks's waiver is enforceable and, on that basis, denies the § 2255 motion as to grounds one and two, which are based on due process arguments, and the "additional grounds" that are listed as due process violations. The remaining grounds, which are based on ineffective assistance of counsel, will be addressed below.

5

**B. Ineffective Assistance of Counsel Standard**

Supreme Court case *Strickland v. Washington* provides the standard for ineffective assistance of counsel. 466 U.S. 668 (1984). This standard requires that "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The two parts of the standard are often referred to as the "performance" prong and the "prejudice" prong.

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

The performance prong is met if the challenger shows that counsel's representation "fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). The review of an attorney's performance is highly deferential to mitigate hindsight bias, and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104 (internal quotation marks omitted). The *Strickland* analysis "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harris v. United States*, 13 F.4th 623, 630 (7th Cir. 2021), reh'g denied (Nov. 10, 2021) (quoting *Harrington*, 562 U.S. at 110). The Court "will not presume deficient performance based on a silent record because [the Court] presume[s] counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption. *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002).

The prejudice prong is met if the challenger shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694).

### C. Failure to Investigate and Present Mitigating Evidence

As ground three in his § 2255 motion, Hicks states that he received ineffective assistance of counsel because "the defendant's attorney's failure to investigate and present potentially mitigating evidence violates defendant's rights to effective counsel when such evidence would have proved that the U.S. Attorney tampered with and falsified evidence." (Mot. at 6, ECF No. 79).

Hicks has not complied with Rule 2's requirement of stating the facts supporting this ground for relief. He has not identified (1) what matters needed but did not receive investigation, (1) what potentially mitigating evidence should have been presented, or (3) what evidence the U.S. Attorney allegedly tampered with and falsified. As it stands, this ground for § 2255 relief, as presented, is vague and conclusory. It is therefore insufficient to warrant an evidentiary hearing or the granting of relief under § 2255. *See Bruce*, 256 F.3d at 597.

### D. Failure to File Direct Appeal

As ground four in his § 2255 motion, Hicks states that

> The defendant's attorney's failure to file a direct appeal violates the defendant's right to effective counsel when filing an appeal would have brought to light many grounds and constitutional violations. (I need my discovery paperwork and I swear I can produce several facts to back each and every ground I have).

(Mot. at 8, ECF No. 79).

7

An attorney provides constitutionally deficient performance if they fail to file a notice of appeal despite the defendant's express instructions (even where an appellate waiver has been signed), and prejudice is presumed. *Garza v. Idaho*, 139 S.Ct. 738, 749-50 (2019).

Here, however, there is no indication that Hicks ever instructed his counsel to file a notice of appeal. Hicks's statement of this ground for relief is brief. However, the Court provided Hicks with multiple extensions of time for the filing of a supplement to his § 2255 motion, including after Hicks's requests for discovery were resolved. Nonetheless, Hicks did not supplement his motion. Furthermore, whether Hicks asked his counsel to file a notice of appeal is something that Hicks should know without needing to review the documents he sought in discovery.

Hicks's arguments are insufficient to allege that he asked counsel to file a notice of appeal, and Hicks has provided no evidence on the matter. Consequently, Hicks has failed to show that counsel had a duty to file such a notice of appeal in order to function as effective counsel. Hicks is not entitled to § 2255 relief on this argument.

### E. "Additional Grounds"

Hicks provided the following list of "additional grounds" on which he claims ineffective assistance of counsel.

1. Failure to argue elements of crime.
2. Failure to request AKE expert.
3. Failure to investigate mental and emotional disturbance.
4. Failure to argue erroneous sentence enhancement.
5. Conflict of interest.
6. Coerced to keep plea.
7. Coerced to accept plea (by public defender).
8. Failure to argue excessive sentencing (I have no background).
9. Failure to explain the element of offense to the defendant.

(Mot. 12, ECF No. 79). He also states, "I know the grounds but to be completely factual I need my discovery documents." *Id.* No further elaboration was provided, even after Hicks's requests for discovery were resolved and a deadline was set for Hicks to file a supplement to his § 2255 motion.

8

These "additional grounds" are vague and conclusory. *Bruce*, 256 F.3d at 597. Further, the Seventh Circuit Court of Appeals instructs that "perfunctory and undeveloped arguments are waived." *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017). The Court will not hold an evidentiary hearing or grant § 2255 relief on these grounds, as they are vague, conclusory, and insufficiently developed.

### F. Certificate of Appealability

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Hicks has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

### CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 [DE 79] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on January 12, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT